# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-21923 (JJT) |
| MOHAMMAD MALIK | : | CHAPTER 7 |
| ------------------------------------------------- | : | |
| THOMAS C. BOSCARINO, TRUSTEE | : | |
|    Plaintiff, | : | |
|    v. | : | |
| KHALID MAMOOD aka | : | |
| KHALID MAHMOOD | : | |
|    Defendant | : | |

## COMPLAINT

The Complaint of Thomas C. Boscarino, Trustee (the "Trustee"), respectfully alleges:

1. Thomas C. Boscarino is the duly qualified and acting trustee in this case.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A),(E),(H) and (O). Venue properly lies in this district pursuant to 28 U.S.C. Section 1409(a), in that the instant adversary proceeding is related to the above-captioned case under title 11 of the United States Code, which case is still pending.

3. On November 2, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

4. Based upon information and belief, the Defendant, Khalid Mamood aka Khalid Mahmood, has his residence at 264 Riverside Avenue, Bristol, Connecticut 06010.

1

5. The Debtor, Mohammad Malik (the "Debtor"), is an individual who resides at 264 Riverside Avenue, Bristol, Connecticut 06010.

6. The Debtor is the brother of Defendant, Khalid Mamood aka Khalid Mahmood.

7. This Complaint initiates an adversary proceeding pursuant to §§548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§101-1330 ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1). The Complaint seeks to avoid and recover constructive fraudulent transfers of the Debtor's property made to or for the benefit of the Defendant.

8. The Debtor filed Schedules A through J; and official Forms 6 (Summary of Schedules and Statistical Summary of Certain Liabilities and Related Date) and 7 (Statement of Financial Affairs) with his voluntary petition for relief under Chapter 7. The following information is presented by the Debtor in these schedules and forms:

   a. Schedule D: Creditors Who Have Claims Secured by Property, presents debt in the aggregate amount of $154,000.00 as of the Petition Date.

   b. Schedule E/F: Creditors Who Have Unsecured Claims, presents non-priority unsecured claims incurred "2013-2015" in the aggregate amount of $87,269.00, non-priority unsecured claims incurred "2014" in the aggregate amount of $40,385.00, and non-priority unsecured claims incurred "2005" in the amount of $2,500.00 as of the Petition Date.

   c. Form 6 (Summary of Schedules) presents the Debtor's assets to have a value of $45,770.00 on the Petition Date, and presents his total liabilities to be $420,377.97 on the Petition Date.

   d. Form 7 (Statement of Financial Affairs for Individuals Filing For Bankruptcy) presents the following representations:

    1). At section 7, that within two years of the Petition Date no gifts or contributions with a total value of more than $600.00 were given or made;

    2). At section 8, that within one year of the Petition Date, no economic loss was incurred;

    3). At section 10, that within two years of the Petition Date no transfers were made other than in the ordinary course, other than the Transfers detailed in paragraph 11. of this Complaint.

    4). At section 11, that within one year of the Petition Date no financial accounts or instruments held in the Debtor's name or for his benefit were closed, sold, moved or transferred.

9. During the Trustee's general administration of this case, which included his examination of the Debtor at the Meeting of Creditors, disclosed no transfer or other disposition of significant assets by the Debtor within two years before the Petition Date, other than the transfers disclosed in Form 7 at section 10.

10. During the entire period from May 1, 2014 through November 2, 2015, the Debtor was insolvent, or became insolvent in consequence of the transfers described following; and/or was engaged in or about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; and/or intended to incur, or then believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

11. As documented on Debtor's Form 7 (Statement of Financial Affairs), on or about June 17, 2014, the Debtor transferred his minority membership interest in each of the following seven

3

(7) Connecticut Limited Liability Companies to the Defendant: Rukhna Zoonash, LLC; Windsor ST, LLC; 570 Main Street, LLC; WAQAS, LLC; Khalid, LLC; H.A. Roon, LLC; and SBK, LLC (the "Transfers").

12. As alleged consideration for the Transfers, the Defendant allegedly transferred $100,000.00 to Debtor and allegedly "assumed" all debt of said Limited Liability Companies.

13. The Transfers were made on or within two years before the Petition Date.

14. Even if the alleged transfer of consideration by the Defendant did occur as alleged, which is disputed, the Debtor received less than reasonably equivalent value in exchange for the Transfers.

15. The Transfers constituted constructively fraudulent transfers avoidable by the Trustee pursuant to §548(a)(1)(B) of the Bankruptcy Code and are recoverable from the Defendant pursuant to §550(a) of the Bankruptcy Code.

16. As a result of the foregoing, pursuant to §§548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Defendant, for the benefit of the Debtor's Estate.

WHEREFORE, the plaintiff, Thomas C. Boscarino, Trustee, respectfully requests the Court enter judgment in favor of the Trustee and against the defendant as follows:

1. Pursuant to 11 U.S.C. §§548(a)(1)(B), 550(a) and 551: (a) avoidance of the Transfers; (b) an order directing that the Transfers be set aside; and (c) recovery of the Transfers, or the value thereof, from the Defendant for the benefit of the Estate;

2. Pre-judgment interest;

3. Costs; and

4. Such other and further relief as this Court deems just and proper.


Dated at Glastonbury, Connecticut on October 27, 2017.

                          THOMAS C. BOSCARINO, TRUSTEE

BY _____
            John H. Grasso
            Boscarino, Grasso & Twachtman, LLP
            628 Hebron Avenue, Bldg. 2, Suite 301
            Glastonbury, CT 06033
            Tel. No.: (860) 659-5657
            Federal Bar No.: ct03651